IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARLYN BRENSON,

                      Plaintiff,                    ORDER

v.

                                                  13-cv-752-jdp

CAROLYN W. COLVIN,
Commissioner of the Social
Security Administration,

                      Defendant.

Plaintiff Darlyn Brenson seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. For reasons stated more fully at the March 19, 2015, hearing, the court will grant plaintiff's motion and remand the case to the Commissioner.

Plaintiff identifies one ground for remand. She contends that the ALJ erred in his credibility determination with respect to her physical limitations by misstating the record and cherry-picking evidence. To take what is perhaps plaintiff's best example, the ALJ relied on a physician's notes suggesting normal musculoskeletal findings, but he ignored the physician's notes of problems in the same section of the document. R. 21 (citing R. 357, which states: "Mobility/gait: Unsteady" and "Lumbar: Right, Tenderness, Crepitus, Radicular type pain in right leg with SLR testing"). The ALJ devoted little time to evidence from three of plaintiff's treating providers, MPST Jessica Hollis, Dr. David Tylicki, and Dr. Stephen Delahunt. Some of these documents may provide further support for the ALJ's conclusion. *See, e.g.,* R. 430, 433. But as it stands, on the whole, the ALJ's decision suggests cherry-picking of evidence to support a finding of no disability. *See Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (citations omitted); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (citation omitted).

The court noted a second issue with the ALJ's decision. In considering plaintiff's symptoms, the ALJ was required to engage in a two-step process: (1) determine whether there is an underlying medically determinable impairment that could reasonably be expected to produce plaintiff's pain or other symptoms; and (2) evaluate the intensity, persistence, and limiting effects of plaintiff's symptoms to determine the extent to which they limit her functioning. SSR 96-7p. The ALJ's findings on the first step are equivocal: he found that plaintiff has "largely failed to sustain the first step" and that it is "questionable" whether there is an underlying medically determinable impairment. R. 21. Nevertheless, he concluded that plaintiff's "medically determinable impairments could reasonably be expected to cause *some* of the alleged symptoms." R. 22 (emphasis added). The ALJ went on to step two, where he found that plaintiff's statements about the limiting effects of her symptoms were not credible. The ALJ has made it impossible to evaluate whether there is a logical bridge from the evidence to his conclusions. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). On remand, the ALJ must make clear which, if any, of plaintiff's symptoms are those that the ALJ dismisses because they are not associated with medically determinable impairments. If on the other hand the ALJ finds that plaintiff's symptoms could be caused by her medically determined impairments and the sole issue is whether she is exaggerating the extent or severity of her symptoms, he should make that clear.

Finally, the ALJ relied in part on plaintiff's noncompliance with treatment recommendations. R. 22. An ALJ may use infrequent treatment or the failure to comply with treatment recommendations to support "an adverse credibility finding where the claimant does not have a good reason for the failure or infrequency [but] the ALJ must not draw any inferences about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care." *Craft v. Astrue*, 539 F.3d 668, 679 (7th

2

Cir. 2008) (internal citations and quotation marks omitted); *see* SSR 96-7p. In this case, the ALJ asked plaintiff a few questions about what treatment she had received, R. 73-74, but he did not ask plaintiff about her failure to follow recommended treatment. The ALJ gave no indication during the hearing that plaintiff's noncompliance with treatment would play a role in the adjudication of her claim for disability benefits.

On remand, the ALJ must revisit his credibility determination. More specifically, the ALJ must:

- Review and assess the treatment notes of MPST Hollis, Dr. Tylicki, and Dr. Delahunt.

- Determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce plaintiff's pain or other symptoms. Expressly identify any of plaintiff's symptoms that are not reasonably caused by plaintiff's medically determinable impairments.

- Develop the record and address any evidence that would explain plaintiff's noncompliance with recommended treatment.

This order does not mandate that any evidence be given a particular weight, nor does it mandate a finding of disability.

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Darlyn Brenson's application for disability benefits is REVERSED AND REMANDED. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered March 20, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge