IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARLYN BRENSON,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

ORDER

13-cv-752-jdp

---

Plaintiff Darlyn Brenson sought judicial review of a final decision of the Acting Commissioner of Social Security finding her not disabled within the meaning of the Social Security Act. After oral argument, Brenson prevailed and the court remanded her case to the Commissioner for further proceedings. Dkt. 26. Now Brenson has moved for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Dkt. 28. Brenson seeks $6,608.42 in fees for the hours that her attorney (and her attorney's paralegal) spent assisting her in this case. The Commissioner does not oppose Brenson's motion. Dkt. 33. But Brenson has not adequately justified the fees that she seeks, nor has she directed the court to an assignment of fees that would allow direct payment to her attorney. The court will therefore reduce the award and direct Brenson to file additional materials.

The court reviews fee petitions for reasonableness; specifically, a reasonable hourly rate multiplied by a reasonable number of hours. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Astrue v. Ratliff*, 560 U.S. 586, 602 (2010) (Sotomayor, J., concurring) ("EAJA fees are calculated under the lodestar method by examining the attorney's reasonable hours expended and her reasonable hourly rate."). The Commissioner does not object to the hourly

rates in this case, and the court is satisfied that they are reasonable. But the same is not true of Brenson's requested number of hours.

The stipulated amount is in the ballpark of a reasonable amount for a case like this. But the supporting documentation undermines the fee request. Brenson has filed two separate time logs, both purporting to record the total time that her attorney spent on this case. *See* Dkt. 29-1 and Dkt. 29-2. Brenson bases her fee petition on only the first log. Dkt. 28, at 1 (listing hours that match Dkt. 29-1). But there are significant discrepancies between the two logs. For example, the second log contains entries for three tasks performed in October 2013, under the heading of "Administrative Time," which is not time that Brenson includes in her fee petition. But in the first log, these same three entries have mysteriously moved under the heading of "Paralegal Time," which *is* included in the fee request. There are also discrepancies in the "Attorney Time" recorded in each log. The first document records 5.3 hours on March 13, 2014, for "Write Introduction, Medical Summary, and write ALJ's decision section." Dkt. 29-1, at 2. The second document contains the same entry, on the same day, but records only 3.3 hours. There is a similar inconsistency in entries from August 27, 2014, for "Edit and rewrite, and file with court." *Id.* at 3. The first log records 3.2 hours for this task; the second log records only 1.2 hours.[1]

In light of these inconsistencies, the court is not satisfied that the first log accurately records the hours that Brenson's attorney spent working on this case. Rather than further complicate the issue by requesting a third time log, the court will replace the higher-hour entries in the first log with their corresponding lower-hour entries in the second log. Thus,

---

[1] The first log also incorrectly calculates the total "Attorney Time." Discrepancies aside, the hours add up to 26.7, not 27.7.

the "Paralegal Time" will be reduced by 2.2 hours, to account for the three entries that the second log records as "Administrative Time," and the "Attorney Time" will be reduced by 4 hours, to account for the discrepancies noted above. With 12.75 hours of paralegal time billed at $100 per hour, and 22.7 hours of attorney time billed $184.60 per hour, the total fee award will be $5,465.42.

Finally, Brenson's request asks the court to order that the fees be paid directly to her attorney. Dkt. 28, at 1. But the Supreme Court has held "that a § 2412(d) fees award is payable *to the litigant*." *Ratliff*, 560 U.S. at 589 (emphasis added). Noting this precedent, the Seventh Circuit has nevertheless authorized payment of EAJA fees directly to an attorney in cases where a plaintiff has assigned her claim for fees to her lawyer. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565-66 (7th Cir. 2011), *overruled on other grounds by Sprinkle v. Colvin*, 777 F.3d 421 (7th Cir. 2015). Brenson does not identify any such assignment, and so the court is unable to order that the fees be paid directly to her attorney at this time.[2] But the clerk's office will delay entry of judgment for one week to provide Brenson with time to advise the court on whether she has assigned her claim to fees. Should she fail to provide adequate documentation, the clerk's office will enter judgment stating that all fees are to be paid directly to her instead of to her attorney.

IT IS ORDERED that:

1. Plaintiff Darlyn Brenson is awarded her reasonable attorney fees in the amount of $5,465.42, consistent with this Order.

2. Plaintiff may have until July 22, 2015, to file a notice with the court confirming that she has assigned her right to fees to her attorney. Should she fail to do so, the

---

[2] One of the exhibits to Brenson's attorney's affidavit in support of the fee petition is entitled "fee agreement." Dkt. 29-2. As discussed above, this document is not actually a fee agreement; it is a second time log for the hours that Brenson's attorney recorded.

clerk's office will enter judgment stating that the fees are to be paid directly to plaintiff.

Entered July 15, 2015.

                                         BY THE COURT:

                                         /s/

                                         _____
                                         JAMES D. PETERSON
                                         District Judge